

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DAVIDSON, et al., | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | 7:08-CV-00328-LSC |
| | ] | |
| RAWSON, et al., | ] | |
| | ] | |
| Defendants. | ] | |

Memorandum of Opinion

1.  Introduction.

The Court has for consideration a motion for summary judgment, which was filed on August 3, 2009, by Defendant James Rawson ("Defendant"). (Doc. 40.) Plaintiffs have sued Defendant and his son, Joshua Rawson ("Rawson"), for claims arising from a February 24, 2007 automobile accident involving Rawson and Plaintiffs. (Doc. 12.) Rawson has moved for summary judgment on Plaintiffs' negligent and/or wanton entrustment count. (Doc. 40.) The issues raised in Defendant's motion for summary judgment have been briefed by both parties and are now ripe for

decision. Upon full consideration of the legal arguments and evidence presented, Defendant's motion will be denied.

II. Facts.[1]

On February 24, 2007, Defendant's son, Joshua Rawson, was working in his capacity as a delivery driver for Buffalo Phil's, a restaurant located in Tuscaloosa. Soon after arriving at work, Rawson left Buffalo Phil's to make a delivery in a GMC Sierra truck owned by the Defendant. During the course of that delivery, Joshua Rawson was involved in an automobile accident with Plaintiffs—Gregory, Carol, and Joshua Davidson. Plaintiffs maintain that Defendant negligently entrusted to Rawson the vehicle involved in that accident.

III. Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

    Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"

*Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. Analysis.

Plaintiff contends that Defendant negligently entrusted the vehicle involved in the accident at the heart of this lawsuit to Rawson. In order to show negligent entrustment, a plaintiff must show: "(1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 412 (Ala. 2005). That there was an entrustment in this matter is undisputed. Therefore, the Court will look to the remaining elements of the tort to determine if summary judgment is appropriate.

A. Incompetence.

Plaintiffs argue that Rawson's driving record, which Defendant describes as "not unblemished," establishes that he is an incompetent driver. The Alabama Supreme Court has stated that a plaintiff may prove

incompetence in a case involving automobiles by showing "that the driver to whom the defendant entrusted the vehicle was unable or unlikely to have operated the motor vehicle with reasonable safety due to one of several characteristics or conditions, including general incompetence or habitual negligence." *Edwards v. Valentine*, 926 So. 2d 315, 321-22 (Ala. 2005) (citations omitted). Specifically, the court held that "proof may be established by evidence of previous acts of negligent or reckless driving, … previous accidents, or previous acts of driving while intoxicated." *Id.* at 322 (citations omitted).

A review of the evidence indicates that Rawson has a checkered past behind the wheel of an automobile. From 1999[2] until February 24, 2007, the date of the incident that is the subject of this lawsuit, Rawson was involved

---

[2] Defendant argues that incidents occurring while Rawson was a juvenile are inadmissable under Ala. Code § 12-15-72 (1975). The statutory prohibition is not so broad, however, and the Alabama Supreme Court has written, "Although we have elected to treat the issue here presented in the broad context argued by the parties, we note that § 12-15-72(b) protects orders of 'disposition of a child and evidence given in a [juvenile] hearing,' and not evidence that is independently available from other sources." *Ex parte State Farm Fire & Casualty Co.*, 529 So. 2d 975, 976 n.1 (Ala. 1988). Rawson's prior automotive indiscretions are readily ascertainable from his deposition testimony.

in three accidents,[3] received four speeding tickets,[4] and was arrested twice for driving under the influence of alcohol.[5] Alabama courts have held that proof of previous acts of negligent or reckless driving, previous accidents, and previous acts of driving while intoxicated may establish incompetence. *Edwards*, 926 So. 2d at 322. Plaintiffs have shown examples of all of these in Rawson's driving history. It is clear to the Court that it is a question for the jury whether these nine incidents show that Rawson is an incompetent driver.

B.    Knowledge of Incompetence.

Even if Rawson is found to be an incompetent driver, Plaintiffs must also show that Defendant had knowledge of this incompetence at the time he entrusted Rawson with the vehicle in question. *Halford*, 921 So. 2d at

---

[3] These accidents occurred in 1999, 2000 or 2001, and sometime between 2002-2004. *See* Doc. 40, Ex. A, Joshua Rawson Depo. at 21:8-23:19. Rawson admits that he was at fault in the first two accidents, but states that "the police didn't put an at fault" for the third accident. *See id.* at 23:10-19.

[4] Rawson was ticketed for speeding twice while he lived in Mississippi and twice in Alabama — once in 2005 and once in 2006. *See* Doc. 40, Ex. A, Joshua Rawson Depo. at 25:10-27:13; Doc. 43, Ex. C. While Rawson's Driver History only reveals one speeding ticket in Alabama prior to the accident, Defendant admits in his reply brief that Rawson has received two such tickets. (Doc. 44.)

[5] Rawson was arrested for driving under the influence of alcohol in 1999 and 2006.

412. To meet this element, a plaintiff must show that "the defendant knew, or by exercise of reasonable care, would have known" that the entrustee was incompetent. *Dunaway v. King*, 510 So. 2d 543, 546 (Ala. 1987). Defendant argues that Plaintiffs have failed to meet this burden. It is undisputed that Defendant was aware of Rawson's three traffic accidents and his first driving under the influence of alcohol arrest. (Doc. 40, Ex. D, James Rawson Depo. at 13:17-20; 10:9-13.) Defendant denies having knowledge of Rawson's traffic tickets and second driving under the influence of alcohol arrest.

It is evident to this Court that a jury may determine that Defendant either knew or should have known about the tickets and second driving under the influence of alcohol arrest. First, Rawson testified that Defendant was aware of the two speeding tickets in Mississippi.[6] (Doc. 40, Ex. A, Joshua Rawson Depo. at 27:8-10.) Defendant, on the other hand, stated that while it was possible he was aware of these two tickets, he didn't "have personal recollection of that right now." (Doc. 40, Ex. D, James

---

[6] Rawson initially stated that his parents knew about at least one of his tickets in Alabama but then changed his answer to "I'm not sure." Doc. 40, Ex. A, Joshua Rawson Depo. at 26:13-14.

Rawson Depo. at 12:6-7.)  Moreover, Defendant's testimony also indicates that he may have been aware of at least one of the two tickets in Alabama. He stated, "I had no knowledge of that.  If I did, it was something in passing and — I mean, he drove for a living.  That's what he did, and we sort of took it at as a cost of doing business to get one every now and then, but I had no knowledge that he had two, no."  (Doc. 40, Ex. D, James Rawson Depo. at 12:11-16.)  Finally, Plaintiffs have shown that Defendant is the owner of, and maintains the insurance for, the vehicle Rawson was operating at the time of his 2006 arrest for driving under the influence of alcohol.  (Doc. 40, Ex. A, Joshua Rawson Depo. at 20:3-4; Doc. 40, Ex. D, James Rawson Depo. at 9:17-19; Doc. 43, Ex. C at 5.)  Certainly, even if Defendant was not actually aware of Rawson's arrest because he doesn't "handle our personal family insurance" but rather leaves that responsibility to his wife, it is a question for the jury whether Defendant should have known of his son's arrest while driving the vehicle he had given him.  Therefore, Plaintiff has

shown sufficient evidence to survive summary judgment on the knowledge element of negligent entrustment.[7]

V.    Conclusion.

Having considered Plaintiffs' allegations and the evidence presented, it is apparent to this Court that the evidence is sufficient to create a jury question as to whether Defendant's actions constitute negligent entrustment.  Therefore, Defendant's motion for summary judgment is due to be denied.  A separate order will be entered.

Done this 7th day of October 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
**153671**

---

[7] As Plaintiffs have provided evidence as to Rawson's incompetence and their injuries, the remaining two elements — proximate cause and damages — belong to the jury to determine. *Edwards*, 926 So. 2d at 325 ("Under our negligent-entrustment cases, the entrustor's liability for such entrustment of a vehicle depends upon an injury proximately resulting from the incompetency of the entrustee.") (citations omitted).