UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GREGORY DAVIDSON, CAROL DAVIDSON, JOSHUA DAVIDSON, | ] ] ] |
| Plaintiffs, | ] ] |
| vs. | ] 7:08-CV-00328-LSC ] |
| JOSHUA RAWSON, JAMES RAWSON, | ] ] |
| Defendants. | ] |

Memorandum of Opinion

I.  Introduction.

The Court has for consideration a motion to dismiss for lack of subject-matter jurisdiction, which was filed on October 22, 2009, by Defendants Joshua Rawson and James Rawson. (Doc. 40.) James Rawson is the father of Joshua Rawson, and Plaintiffs have sued both for claims arising from a February 24, 2007 automobile accident involving the younger Rawson and Plaintiffs. (Doc. 12.) The Defendants have moved to dismiss this action for lack of subject matter jurisdiction, arguing that Joshua Rawson is a resident of Alabama, thus destroying diversity. (Doc. 40.) The issues raised in

Defendants' motion have been briefed by both parties and are now ripe for decision.  Upon full consideration of the legal arguments and evidence presented, Defendants' motion will be denied.

II.   Facts.

On February 24, 2007, Joshua Rawson was working in his capacity as a delivery driver for Buffalo Phil's, a restaurant located in Tuscaloosa.  Soon after arriving at work, Rawson left Buffalo Phil's to make a delivery in a GMC Sierra truck owned by his father.  During the course of that delivery, Joshua Rawson was involved in an automobile accident with Plaintiffs—Gregory, Carol, and Joshua Davidson.  Plaintiffs maintain that James Rawson negligently entrusted to Joshua Rawson the vehicle involved in that accident, and that the accident itself was a result of Joshua Rawson's negligence.

III.   Standard.

Before this Court can exercise subject matter jurisdiction on the basis of diversity, complete diversity of citizenship must exist.  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287

(11th Cir. 1998). Unlike personal jurisdiction, subject matter jurisdiction is not subject to waiver or forfeiture. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Subject matter jurisdiction is therefore subject to review at all points in a litigation and is assessed from the point the litigation is filed. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

IV.  Analysis.

   A.  James Rawson.

The Defendants in their motion have requested that the Court dismiss this action based on a lack of subject matter jurisdiction. It appears, however, that James Rawson is indisputably a resident of Mississippi. In any event then, whether Joshua Rawson is a Mississippi resident or if he were not a party to this case, this Court would have diversity jurisdiction over an action between the Plaintiffs and James Rawson. The Court will therefore first determine if a finding that Joshua Rawson is an Alabama resident would require dismissal of him as a party or of this entire matter.[1]

---

[1] Neither party has requested that the Court dismiss Joshua Rawson from this action, but Rule 21 permits the Court to do so on its own initiative if justice so requires. Fed. R. Civ. P. 21

Federal Rule of Civil Procedure 21 allows a court, on motion or *sua sponte*, "at any time, on just terms, [to] add or drop a party." Fed. R. Civ. P. 21. The Eleventh Circuit has interpreted Rule 21 as granting district courts the discretion, to the extent a party is not indispensable, "to dismiss [a] nondiverse party on its own motion," even if that non-diverse party is one of the original parties to the action. *See Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1155 (11th Cir. 1985) (discussing a non-diverse corporation believed to be diverse at the commencement of the action); *Byrd v. Howse Implement Co.*, 227 F.R.D. 692, 694 (M.D. Ala. 2005) ("[T]here is also precedent that allows this court to use Rule 21 to dismiss a nondiverse dispensable defendant from an action initially brought in federal court under the pretense of diversity of citizenship grounds, in order to *perfect* diversity.")(emphasis in original). Given that this litigation has been ongoing for two years and any dismissal would result in a statute of limitations barrier for the Plaintiffs, it is clear that, if this Court determines that Joshua Rawson is non-diverse and a dispensable party, the proper course is to dismiss him, rather than dismissing the entire action. We then turn to indispensability.

Federal Rule of Civil Procedure 19 provides a "two-part test for determining whether an action should proceed in a nonparty's absence." *City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999). The first step consists of determining "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations."[2] *Id.* If this threshold question is answered in the affirmative but the party in question will destroy diversity, the next step is to determine if the action should nevertheless go forward without that party. *Id.* This determination is made subject to a four factor test: "(1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4) whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999). The Supreme Court and

---

[2] Obviously, the "nonparty" in the instant matter is still a party, but the principle remains the same.

Eleventh Circuit have advised that the district court should "eschew formalism in favor of flexible practicality" in conducting this analysis. *See City of Marietta*, 196 F.3d at 1305 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968)).

Even a cursory look at this matter indicates that, in the event Joshua Rawson is a non-diverse but necessary party, Rawson should be dismissed and this matter continue with James Rawson as a Defendant.  Plaintiffs have stated that "as the two year Statute of Limitations has passed on any potential claim in state court," a dismissal of this action will extinguish the Plaintiffs' claims.  (Doc. 54 at 7.)  Defendants seem to believe this is appropriate, noting, "The plaintiffs are the master of their complaint and assumed the danger at hand when they elected to file in federal district court rather than state court."  (Doc. 55 at 5.)  While a clever legal strategy, this statement smacks of the very formalism this Court is directed to avoid.  If the matter is dismissed, Plaintiffs will have no remedies remaining to them.  If Joshua Rawson is dismissed, he will bear no future prejudice, as the statute of limitations will prevent the filing of a future state lawsuit against him.  The Court will therefore treat Defendants'

motion as one to dismiss Joshua Rawson alone. To the extent the Defendants seek the dismissal of claims against James Rawson, the motion is DENIED.

    B.  Joshua Rawson.

Obviously, in order to determine the presence of complete diversity, the Court must first determine the domicile of the various parties. Plaintiffs maintain that Joshua Rawson is a resident of Mississippi. Defendants concede that Rawson was a resident of Mississippi at one time but maintain that, at the time of the filing of Plaintiffs' complaint, he had changed his domicile to Alabama. A change of domicile requires "a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984). It is not denied that, at the time of the filing of the complaint in this matter, Rawson was physically present in Alabama. The relevant question, therefore, is whether he intended to remain in Alabama indefinitely.

Given that determining with any certainty the inner working of a party's mind requires a skill that few judges would claim to possess, it is not surprising that district courts are given broad discretion when reading the tea leaves of evidence regarding domicile. *See id.* at 1027 ("The district

court's finding of domicile will not be disturbed unless clearly erroneous."). In *Scoggins,* the Eleventh Circuit reviewed a district court's decision that a party had not met the "intention to remain indefinitely" standard. The Plaintiff in that case had moved from Georgia to South Carolina prior to filing suit against a Georgia party. *Id.* at 1026. As part of her move, she had rented an apartment, registered to vote, registered her car, obtained a driver's license from that state, and lived in South Carolina on a full time basis. The court even accepted that Scoggins had "clearly intended to leave Washington, Georgia." *Id.* at 1027. But since Scoggins did not show that she intended to remain in South Carolina indefinitely, her domicile remained in Georgia. The Court wrote, "Even if she did not intend to return to Georgia, she was undecided about her future plans. Her domicile before she moved to South Carolina continued until she obtained a new one." *Id.* at 1027.

Defendants have provided an affidavit with a plethora of reasons that this Court should find that Joshua Rawson has changed his domicile to Alabama. These include his attendance of Marion Military Academy, Shelton State Community College, and The University of Alabama; his residence in Alabama for seven years; his filing of Alabama tax returns; his Alabama

license plate and registration; his Alabama bank account; his membership in the Tuscaloosa Riverkeepers; and his licensure by the State of Alabama as an emergency medical technician. (Doc. 55, Ex. B, Supplemental Affidavit of Joshua Rawson.) All of these factors are persuasive, but none of them are conclusive. Joshua Rawson also states, however, "Since moving to Alabama, I have never had any plan, intention, or desire whatsoever to return to Mississippi to live or work under any circumstances." *Id*. He has further stated that in February 2008, when the initial complaint was filed, he "considered Tuscaloosa, Alabama, to be my permanent residence. I have considered it my permanent address since that time up the [sic] present date, and I intend to reside here in the future." (Doc. 48, Ex. B, Affidavit of Joshua Rawson.) These statements would seem to meet the *Scoggins* standard. But these affidavits are from 2009, not February 2008, and it is Rawson's mind set at the time the complaint was filed that is of paramount importance. *See Freeport-McMoRan, Inc.* 498 U.S. at 428.

Rawson's Answer to the initial complaint undermines his more recent assertions. In that Answer, Joshua and James Rawson stated, "The Defendants admit that they are over the age of 19 years and are residents

of the State of Mississippi."[3] (Doc. 10 at ¶1.) Even as late as Joshua Rawson's Answers to Plaintiffs' Interrogatories, dated September 25, 2008, Rawson states in answer to Plaintiffs' first interrogatory, "Joshua Stephen Rawson...home address 1815 Pine Knoll Drive, Columbus, MS 39705, college student." (Doc. 54, Ex. A.) While these answers do not, and cannot, act as a waiver of subject-matter jurisdiction, they nevertheless provide a window into Rawson's mind at the time of the initial complaint and afterwards. It is evident that Rawson, at the time the complaint in this matter was filed, considered himself a resident of Mississippi and, more importantly, did not consider himself a resident of Alabama.[4] Therefore, his domicile remains in Mississippi and this Court has diversity jurisdiction.

V.   Conclusion.

---

[3] Not surprisingly, Rawson now seeks to amend that Answer.

[4] The Defendants explain their delay in bringing this motion to dismiss by stating that it was only after evidence was "developed through discovery" that it became clear that Joshua Rawson was "indisputably a citizen of Alabama" when the complaint was filed. (Doc. 48 at 3.) This phrasing further supports the Court's conclusion that Joshua Rawson had no intention of making Alabama his home, still considered himself a Mississippi citizen, and only came to the revelation that he was indeed a citizen of Alabama when his able counsel recognized the advantage such a position would confer. Changing domicile comes by conscious decision, not inspiration.

Having considered Defendants' evidence, this Court determines that Joshua Rawson is a resident of Mississippi for purposes of diversity jurisdiction. Therefore, Defendants' motion to dismiss is due to be denied. A separate order will be entered.

Done this 2nd day of December 2009.

_____<br>
L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
153671